UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
| Plaintiff, | ) ) ) ) |
| v. | )    No. 1:18-cv-02437-JPH-MJD |
| FRANK LITTLEJOHN, et al. | ) ) ) |
| Defendants. | ) |

**Order Denying Motion to Alter or Amend Judgment**

Plaintiff Jason Perry's claims in this case are that the defendants had him transferred from Wabash Valley Correctional Facility ("WVCF") to New Castle Correctional Facility ("NCCF") in retaliation for filing lawsuits. Dkt. 63, 67. In his second amended complaint, Mr. Perry alleged that, by transferring him to a facility with inmates from whom he had requested protection, the defendants retaliated against him and violated his Eighth Amendment rights. Dkt. 63. In screening Mr. Perry's second amended complaint pursuant to 42 U.S.C. § 1915A, the Court allowed Mr. Perry's retaliation claims to proceed but dismissed his Eighth Amendment claim. Dkt. 67. The Court explained that, while Mr. Perry alleged that he was placed at risk of assault when he was transferred to NCCF, he had not asserted that he was in fact assaulted by any other inmate. *Id*. This case then proceeded to the merits of Mr. Perry's retaliation claims against the WVCF defendants and their motion for summary judgment was denied in part. Dkt. 145. Mr. Perry now seeks reconsideration of the dismissal of his Eighth Amendment claims.

As an initial matter, Mr. Perry initially moved for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure. In reply in support of the motion, Mr. Perry asserts that the motion should be construed under Rule 60(b). Rules 59(e) and 60(b) apply to post-judgment

1

motions and therefore do not apply here, where final judgment has not yet issued. Nonetheless, the district court has the authority to reconsider its orders at any time prior to final judgment. *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) ("Rule 54(b) governs non-final orders and permits revision at any time prior to the entry of judgment, thereby bestowing sweeping authority upon the district court to reconsider…."); *Mintz v. Caterpillar Inc.*, 788 F.3d 673, 679 (7th Cir. 2015) (noting that Rule 60(b) applies only to a "final judgment, order, or proceeding," but that Rule 60(b) "does not limit a district court's discretion to reconsider 'an interlocutory judgment or order at any time prior to final judgment.'").

"Motions to reconsider serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Schs.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990)) (additional quotations omitted). A court may grant a motion to reconsider where a movant demonstrates a manifest error of law or fact; however, a motion to reconsider is not an occasion to make new arguments. *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Granite St. Ins. Co. v. Degerlia*, 925 F.2d 189, 192 n.7 (7th Cir. 1991). In other words, "Motions to reconsider 'are not replays of the main event.'" *Dominguez v. Lynch*, 612 Fed. Appx. 388, 390 (7th Cir. 2015) (quoting *Khan v. Holder*, 766 F.3d 689, 696 (7th Cir. 2014)). A motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

In support of his motion to reconsider, Mr. Perry argues that the Court should not have dismissed his Eighth Amendment claim because he sufficiently stated an Eighth Amendment

conditions-of-confinement claim in his amended complaint. He supports this argument by pointing out that the Court found, in ruling on the motion for summary judgment, that the conditions he experienced at NCCF were more restrictive that those at WVCF. He also asserts that he sufficiently alleged an Eighth Amendment failure-to-protect claim.

First, the operative complaint in this case is Mr. Perry's second amended complaint, dkt. 63. That pleading did not include any allegations regarding Mr. Perry's conditions of confinement at NCCF. *Id.* While Mr. Perry's previous pleadings may have contained allegations regarding the conditions he experienced at NCCF, those pleadings were superseded when he filed the second amended complaint. *Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Moreover, while Mr. Perry alleged in his amended complaint that the conditions at NCCF were restrictive, he still did not sufficiently allege that those conditions violated his Eighth Amendment rights. The Seventh Circuit has "held that 'prolonged confinement in administrative segregation may constitute a violation of the Eighth Amendment ... depending on the duration and nature of the segregation and whether there were feasible alternatives to that confinement.'" *Isby v. Brown*, 856 F.3d 508, 521 (7th Cir. 2017) (quoting *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 666 (7th Cir. 2012)). Mr. Perry's amended complaint did not provide enough allegations about the nature of the conditions he experienced to state a claim for a violation of his Eighth Amendment rights. While the Court held in ruling on the motion for summary judgment that the conditions Mr. Perry experienced at NCCF may have created conditions that would deter a person of ordinary firmness from exercising his First Amendment rights and therefore could support his retaliation claim, this ruling does not mean that those conditions were so severe as to violate the Eighth Amendment.

Finally, as the Court previously explained, Mr. Perry failed to state a claim that the defendants violated his Eighth Amendment rights for failing to protect him from harm.

For the foregoing reasons, Mr. Perry has failed to show any error in the Court's dismissal of his Eighth Amendment claims and his motion to alter or amend, dkt. [147], is **denied**.

**SO ORDERED.**

Date: 1/4/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON SETH PERRY
138925
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

All Electronically Registered Counsel