UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON SETH PERRY, | ) |
|       Plaintiff, | ) ) ) |
|       v. | )   No. 1:18-cv-02437-JPH-MJD ) |
| FRANK LITTLEJOHN, *et al.*, | ) ) |
|       Defendants. | ) |

**ORDER DENYING MOTION FOR RECONSIDERATION**

Plaintiff Jason Perry, an Indiana prisoner, alleged in this civil rights lawsuit that the defendants retaliated against him for filing grievances by transferring him to a more restrictive prison unit. After the Court granted in part and denied in part the defendants' motion for summary judgment, dkt. 145, the defendants disclosed two documents, trial exhibits 73 and 74, that were highly relevant to Mr. Perry's claims but had not been previously disclosed. Mr. Perry sought sanctions for the late disclosure including the exclusion of these documents at trial. Dkt. 172. The Court declined to exclude the documents but held under advisement the question of whether other sanctions were warranted. Dkt. 274. The jury returned a verdict in Mr. Perry's favor against defendant Frank Littlejohn, and the Court later held a hearing pursuant to its inherent authority to supervise the discovery process, to determine whether sanctions were warranted. After the hearing, the Court found that no sanctions are warranted. Dkt. 357. Mr. Perry seeks reconsideration of that Order.

1

## I. Standard of Review

Mr. Perry's motion is considered under Rule 60(b) of the Federal Rules of Civil Procedure which allows a party to seek relief "from a final judgment, order, or proceeding." Relief under Rule 60(b) is "an extraordinary remedy . . . granted only in exceptional circumstances." *Davis v. Moroney*, 857 F.3d 748, 751 (7th Cir. 2017); *see also Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) ("As we have said often, Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.") (internal citations omitted). Rule 60(b) allows relief for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In addition, the Court has the inherent authority "to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991). "Sanctions meted out pursuant to the court's inherent power are appropriate where [a litigant] has willfully abused the judicial process or otherwise conducted litigation in bad faith." *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 793 (7th Cir. 2009).

## II. Discussion

At the sanctions hearing, the Court considered testimony from Mike Ellis, the litigation liaison at Wabash Valley Correctional Facility, Bob Bugher, Senior Counsel to the Indiana Department of Correction (IDOC), and defendants Richard Brown and Frank Littlejohn. *See* dkt. 357 at 4. The Court made detailed factual findings based on their testimony and concluded "that the delayed production of Exhibits 73 and 74 was the result of insufficient communication . . . among IDOC officials and the AG's office, and the use of unreliable methods to search for relevant documents." *Id.* at 8. The Court further found "that the late production of Exhibits 73 and 74 in this case was not due to intentional abuse of the judicial process by either the Attorney General's Office or the individual defendants," and therefore found that no sanctions are warranted. *Id.* at 10.

In support of his request for reconsideration of this ruling, Mr. Perry simply reiterates that the defendants failed to comply with the applicable discovery rules and points out that another judge of this Court issued monetary sanctions for failure to timely disclose relevant evidence. Dkt. 357, 358. Mr. Perry also contends that not allowing testimony at trial regarding the sanctions issued in *Littler v. Martinez*, No. 2:16-cv-472-JMS-DLP, dkt. 345, put him at an unfair disadvantage.

In its Order on Sanctions Hearing, the Court made detailed findings regarding the circumstances surrounding the defendants' failure to timely disclose Trial Exhibits 73 and 74. *See* dkt. 357. Ultimately, the Court found that

this failure was not the result of an intent to abuse the judicial process and concluded that sanctions were not warranted. *Id.* While another judge in another case imposed sanctions for a failure to disclose documents, such decisions are within each judge's discretion based on the unique facts presented. *See Hunt v. DaVita*, 680 F.3d 775, 780 (7th Cir. 2012) ("District courts have broad discretion in supervising discovery, including deciding whether and how to sanction such misconduct."). Further, the Court notes that the documents were provided to Mr. Perry in plenty of time to prepare for trial and that he ultimately prevailed.

Mr. Perry presents no evidence or argument to show that the Court's conclusion was the result of a mistake, inadvertence, surprise, excusable neglect, or fraud. *See* Fed. R. Civ. P. 60(b)(1), (3). He further has not submitted newly discovered evidence or any other ground for relief from the Court's Order. Fed. R. Civ. P. 60(b)(2), (4). In short, he has not shown that sanctions are necessary in this case to protect the integrity of the judicial process. He therefore has failed to show that sanctions are warranted here.

### III. Conclusion

For the reasons discussed above, Mr. Perry's motion for reconsideration, dkt. [358], is **DENIED**. His motion to supplement the motion for reconsideration, dkt. [359], is **GRANTED** only to the extent that the arguments made in that motion have been considered.

**SO ORDERED.**
Date: 8/3/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

4

Distribution:

JASON SETH PERRY
138925
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
5501 South 1100 West
WESTVILLE, IN 46391

Adam Garth Forrest
BBFCS ATTORNEYS
aforrest@bbfcslaw.com

Adrienne Nicole Pope
INDIANA ATTORNEY GENERAL
adrienne.pope@atg.in.gov